Matter of C.C. (M.C.)

2026 NY Slip Op 03062

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of C.C. and Another, Dependent Children Under Eighteen Years of Age, etc., M.C., Respondent-Appellant, Catholic Guardian Services, et al., Petitioners-Respondents.

Decided and Entered: May 14, 2026

Docket No. B-6404/19 B-7600/19|Appeal No. 6607|Case No. 2025-01221 2025-01222|

Before: Webber, J.P., González, Pitt-Burke, Higgitt, Hagler, JJ.

Steven N. Feinman, White Plains, for appellant.

Catholic Guardian Services, Bronx (Kirk Passamonti of counsel), for Catholic Guardian Services, respondent.

Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), for the children.

[*1]

Order of disposition, Family Court, New York County (Valerie A. Pels, J.), entered on or about September 26, 2023, which, to the extent appealed from and appealable, terminated respondent mother's parental rights to the subject children and committed their custody and guardianship to the Commissioner of Social Services and petitioner agency for the purpose of adoption, unanimously affirmed, without costs. Appeal from aforementioned order to the extent it brings up for review the fact-finding determination of permanent neglect entered upon the respondent mother's default, unanimously dismissed, without costs, as taken from a nonappealable paper.

The fact-finding determination of permanent neglect is not reviewable on appeal, as that finding was made upon the mother's default in failing to appear at the fact-finding hearing (see Matter of Skyler S.M. [S. LaToya J.], 83 AD3d 549, 549 [1st Dept 2011]).

As to the remainder of the order, a fair preponderance of the evidence shows that it is in the best interests of the children to be free for adoption by their respective foster parents (see Matter of Shilloh M.J. [Jamesina M.J.], 183 AD3d 540, 541 [1st Dept 2020]). The evidence presented at the dispositional hearing established that the children were doing well living with their foster parents, with whom they had lived for almost the entirety of their lives and who wished to adopt them (see Matter of CaAliyah W-N. A. [Carl A.], 236 AD3d 401, 402 [1st Dept 2025]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026